

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 16, 2020**

**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Richard Rodriguez and | § | |
| Susan M. Rodriguez, | § | Case No. 18-33830-hdh7 |
| | § | |
| Joint Debtors. | § | |
| | § | |
| Spencer Naquin, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Adv. No. 19-03024 |
| | § | |
| Richard Rodriguez, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Spencer Naquin (the "Plaintiff") has filed complaints against Terra Elizabeth Rodriguez[1]

and Richard Rodriguez[2] seeking determinations that the defendants are liable for barratry pursuant

---

[1] *Plaintiff's First Amended Original Complaint Requesting Determination of Dischargeability of a Debt* [Adversary Proceeding No. 19-03015, Docket No. 13].

[2] *Plaintiff's First Amended Original Complaint Requesting Determination of Dischargeability of a Debt* [Adversary Proceeding No. 19-03024, Docket No. 12].

1

to Texas Government Code § 82.0651(c) and that the Plaintiff's resulting claims are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

The adversary proceedings against the two defendants were consolidated for pretrial matters and trial due to the prevalence of common issues of fact and law.[3]  A *Joint Pre-Trial Order* was entered in the consolidated proceeding with regard to both complaints,[4] and trial was held on November 2, 2020, after which, this Court took the matter under advisement.

The following are the Court's Findings of Fact and Conclusions of Law, issued pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable in adversary proceedings, by Federal Rule of Bankruptcy Procedure 7052.[5]

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The matters in this Adversary Proceeding are core matters under 28 U.S.C. § 157(b)(2)(B) and (I), as the Adversary Proceeding involves allowance or disallowance of claims against the estate and determinations as to the dischargeability of particular debts.  Venue for this Adversary Proceeding is proper pursuant to 28 U.S.C. § 1409(a).

## FINDINGS OF FACT

The Plaintiff was involved in a car accident on March 24, 2015 and was taken by ambulance to a hospital where he received treatment.  Following the accident, the Plaintiff did not initiate contact with an attorney to seek legal assistance.

---

[3] *See Order Granting Consolidation* [Adversary Proceeding No. 19-03015, Docket No. 19; Adversary Proceeding No. 19-03024, Docket No. 18].

[4] *Joint Pre-Trial Order* [Adversary Proceeding No. 19-03015, Docket No. 40].

[5] Any Finding of Fact that more properly should be construed as a Conclusion of Law shall be considered as such, and *vice versa*.

2

On April 2, 2015, the Plaintiff received a voicemail on his work phone (the "Voicemail") from an unidentified female caller concerning the Plaintiff engaging the Law Office of Jeremy C. Anderson, P.C. ("Anderson Law") for legal representation in connection with property damage and personal injury claims arising from the car accident.

Immediately after receiving the Voicemail, the Plaintiff stepped out of his office to call the number left by the female caller on the Voicemail. The Plaintiff used his cellular phone to make this call (the "Return Call"), and the Return Call was answered by a female the Plaintiff believes to have been the same person that left him the Voicemail.

It is important to note that it is still unclear who left the Voicemail or answered the Return Call. Neither the caller who left the Voicemail for the Plaintiff nor the female with whom the Plaintiff spoke with immediately thereafter on the Return Call identified themself by name, but the Plaintiff testified that the callers on the Voicemail and the Return Call claimed to be associated with Anderson Law. Both Terra Rodriguez and Richard Rodriguez were employees of Anderson Law on April 2, 2015, but both testified that they were not the unidentified party and do not know who it was. There was some suggestion during the examination of Richard Rodriguez that the phone number for the Return Call may belong to another individual who is not a party to this lawsuit, but Richard Rodriguez claimed to have never spoken to that individual. Terra Rodriguez did testify at trial, but the Plaintiff did not inform the Court after her testimony whether he believed her voice was the same voice he heard on the Voicemail and the Return Call.

In any event, during the Return Call, the Plaintiff understood that he was speaking to someone with Anderson Law and was given information about getting assistance with injuries or losses following his accident. During the Return Call, the Plaintiff was asked if he would like for

Richard Rodriguez to call the Plaintiff to give the Plaintiff more detail about how the process would work, and the Plaintiff answered "yes."

About an hour after the conclusion of the Return Call, Richard Rodriguez called the Plaintiff. There is some dispute as to the content of their conversation. The Plaintiff testified that during his call with Richard Rodriguez, they discussed how Anderson Law could help with the Plaintiff's medical care, damage to the Plaintiff's vehicle, and any damages the Plaintiff may have from lost wages or pain and suffering. Richard Rodriguez testified that their conversation mostly dealt with the Plaintiff's desire to obtain letters of protection for medical providers. Following their conversation, Richard Rodriguez sent the Plaintiff several documents to sign, including an Authorization to Release Patient Information, a Limited Power of Attorney, and an Engagement Agreement with Anderson Law. The Plaintiff signed and returned these documents.

During the legal representation, Anderson Law filed a claim against the Plaintiff's automobile insurer for personal injury protection benefits and was able to recover $2,500 for the Plaintiff, from which Anderson Law retained a contingent fee in the amount of $833.33. The Plaintiff subsequently terminated Anderson Law.

Terra Rodriguez[6] and Richard Rodriguez[7] each filed their own bankruptcy case in November of 2018, and the Plaintiff has asserted claims against them for barratry and sought a determination that those claims are nondischargeable.

---

[6] Case No. 18-33727.

[7] Case No. 18-33830.

## CONCLUSIONS OF LAW

The criminal prohibition of barratry is codified in section 38.12 of the Texas Penal Code. A person commits an offense if, with intent to obtain an economic benefit, the person solicits employment, either in person or by telephone, for himself or another or accepts or agrees to accept money or anything of value to solicit employment. Section 38.01 of the Texas Penal Code states:

> In this chapter:
>
> . . . .
>
> (11) "Solicit employment" means to communicate in person or by telephone with a prospective client or a member of the prospective client's family concerning professional employment within the scope of a professional's license, registration, or certification arising out of a particular occurrence or event, or series of occurrences or events, or concerning an existing problem of the prospective client within the scope of the professional's license, registration, or certification, for the purpose of providing professional services to the prospective client, when neither the person receiving the communication nor anyone acting on that person's behalf has requested the communication. . . .

Section 82.0651 of the Texas Government Code also imposes civil liability for prohibited barratry. The statute contains the following provisions:

> (a) A client may bring an action to void a contract for legal services that was procured as a result of conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, and to recover any amount that may be awarded under Subsection (b). . . .
>
> (b) A client who prevails in an action under Subsection (a) shall recover from any person who committed barratry: (1) all fees and expenses paid to that person under the contract; (2) the balance of any fees and expenses paid to any other person under the contract, after deducting fees and expenses awarded based on a quantum meruit theory as provided by Section 82.065(c); (3) actual damages caused by the prohibited conduct; (4) a penalty in the amount of $10,000; and (5) reasonable and necessary attorney's fees.
>
> . . . .
>
> (e) This section shall be liberally construed and applied to promote its underlying purposes, which are to protect those in need of legal services against unethical,

5

>unlawful solicitation and to provide efficient and economical procedures to secure that protection.

The elements of a civil barratry claim are solicitation and procurement of a contract for legal services through conduct violating section 38.12(a) or (b) of the Texas Penal Code or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct. Rule 7.03 prohibits a lawyer from paying or offering to pay a non-lawyer for soliciting prospective clients. The civil barratry statute recognizes that non-attorneys can commit barratry.

With regard to Terra Rodriguez, the Plaintiff has not satisfied the solicitation element of barratry because the Plaintiff has not shown by a preponderance of the evidence that Terra Rodriguez left the Voicemail for the Plaintiff or spoke to the Plaintiff on the Return Call. Since the evidence does not support a finding that Terra Rodriguez ever communicated with the Plaintiff prior to the time he signed the Engagement Letter with Anderson Law, she cannot be held liable for barratry.

With regard to Richard Rodriguez, the evidence does show that Richard Rodriguez spoke with the Plaintiff on the phone prior to the time the Plaintiff signed the Engagement Letter with Anderson Law, but the Plaintiff has not shown by a preponderance of the evidence that Richard Rodriguez ever solicited employment. Even if the Plaintiff's testimony regarding the content of his conversation with Richard Rodriguez is accurate, the conversation could only constitute the solicitation of employment if neither the person receiving the communication nor anyone acting on that person's behalf has requested the communication. In this case, the testimony was that the Plaintiff did request the communication from Richard Rodriguez. During the Return Call, the Plaintiff was asked if he would like for Richard Rodriguez to call him to give him more detail about how the process would work, and the Plaintiff answered "yes."

This is not to say that barratry did not occur at all.  Indeed, the facts appear to generally support a barratry claim, but at least on this record, the elements of barratry have not been satisfied specifically as to Terra Rodriguez or Richard Rodriguez.

For these reasons, the Court concludes that the Plaintiff does not have a claim against Terra Rodriguez or Richard Rodriguez for barratry.  Since there are no underlying claims, it is not necessary to discuss whether such claims would be dischargeable in bankruptcy, though the Court notes that it is far from clear what the outcome of the dischargeability determination would have been if the Plaintiff had prevailed on the barratry claims.  Because of the nature of the offense and the composition of the monetary award under the barratry statute, barratry claims are a somewhat awkward fit for sections 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code, but it is not clear that they do not fit.  Nevertheless, the Court does not reach the dischargeability issue in this ruling, and judgment will be entered in favor of the Terra Rodriguez and Richard Rodriguez.

###End of Findings of Fact and Conclusions of Law###